**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-60047

NATIONAL LABOR RELATIONS BOARD,

                                                            Petitioner,

versus

GALLUP INCORPORATED,

                                                            Respondent.

On Application for Enforcement of an Order of
the National Labor Relations Board
16-CA-20442

February 27, 2003

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

The National Labor Relations Board ("NLRB" or "Board") petitions for enforcement of its

order that Gallup Inc. ("Gallup") cease and desist from certain unfair labor practices. The Board

found that Gallup violated § 8(a)(1) of the National Labor Relations Act ("Act") by promulgating

new rules in response to union organizing activity. The Board also found that Gallup violated §§

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

8(a)(1) and (3) of the Act by reprimanding employee William Lewandoski ("Lewandoski") for distributing union literature and temporarily closing its Austin, Texas facility and informing its employees that the closing was because of their union organizing activity.[1]

A reviewing Court will uphold the Board's decision if it is reasonable and supported by substantial evidence on the record considered as a whole. See Valmont Indus. v. NLRB, 244 F.3d 454, 463 (5th Cir. 2001). Substantial evidence is such evidence that a reasonable mind would accept to support a conclusion. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). Under the substantial evidence standard of review, "the ALJ's decision must be upheld if a reasonable person could have found what the ALJ found, even if the appellate court might have reached a different conclusion had the matter been presented to it in the first instance." Valmont Indus., 244 F.3d at 463.

We find that the Board's order rests upon substantial evidence in the record, and accordingly, must be enforced. The record overwhelming demonstrates that Gallup promulgated the new rules and closed its facility to hamper its employees' union organizing campaign. The timing of the new rules - all issued within nine days of Gallup's discovery of union interest - is evidence of Gallup's discriminatory intent. See NLRB v. Roney Plaza Apartments, 597 F.2d 1046, 1049 (5th Cir. 1979) ("promulgation of [new rules] upon the commencement of a union organizational campaign is strong evidence of discriminatory intent").[2] With respect to the facility closing, in a memorandum dated May 26, 2000, Gallup informed its employees that one of the reasons for the closing was due to "rumors

---

[1]The new rules: prohibit taping, by audio or video, of activities at work; prohibit the solicitation and distribution of non business materials in the workplace at any time; prohibit the posting of nonbusiness materials in work and common areas of the building; limit posting of nonbusiness materials on the break room bulletin board without approval by a manager; prohibit the use of the Internet for anything other than business; and prohibit the use of e-mail for nonbusiness matters.

[2]Absent Gallup's new rule prohibiting solicitation in the workplace, there would have been no reason to reprimand Lewandoski, whose support for the Union was known.

of union activity." Gallup's proffered business justifications for promulgating the new rules and closing the facility are unsupported by evidence and persuasively refuted by its employees' testimony. ENFORCED.